**TAI ZHUN CHEN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72830.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 16, 2004.

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Cindy S. Ferrier, Anthony P. Nicastro, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM **

Tai Zhun Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility finding because petitioner's testimony regarding the sterilization of his wife and his reason for fleeing China contained implausibilities going to the heart of his asylum claim, including with regard to why he waited six years after the sterilization to leave China. *See id.* at 1043. Because petitioner failed to show that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of deportation. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

In addition, substantial evidence also supports the denial of relief under CAT. *See id.* at 1157.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.